**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**WILLIAM STAPLES,**

                **Plaintiff,**

      v.                                CASE NO. 18-3094-SAC

**UNITED STATES OF AMERICA, et al.,**

                **Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a *Bivens*-type[1] civil rights action filed by a prisoner in federal custody. Plaintiff proceeds pro se and in forma pauperis.

**Nature of the Complaint**

The complaint names as defendants the United States of America; Mark S. Inch, Director of the Federal Bureau of Prisons; the unnamed Regional Director of the North Central Region of the Bureau of Prisons; Ian Conners, Administrator of National Inmate Appeals; Warden Claude Maye of the United States Penitentiary-Leavenworth (USPL); (FNU) Baker, Unit Manager; (FNU) Mitts, Counselor at USPL; and (FNU) Krock, Assistant Health Administrator at USPL.

The events in question took place during plaintiff's incarceration at the United States Penitentiary-Leavenworth. Plaintiff claims that upon his release in early February 2015 from the Special Housing Unit (SHU) to the lower B-Unit at USPL, he was transferred to a cell in the B-Upper Unit. He protested this transfer to defendant Mitts, who advised him that he was being transferred to

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

less desirable housing for making wine. Plaintiff argued that he had a medical restriction that required ground floor housing but to no avail.

Plaintiff then addressed his concerns to defendant Baker, the Unit Manager. Defendants Baker and Mitts conferred in an office and contacted an unknown person by telephone. After that, plaintiff was assigned to the upper level cell.

Plaintiff later spoke to defendant Maye at mainline concerning his assignment to the upper level and was told that someone from the medical unit was available to talk to him. Defendant Krock then met with plaintiff and advised him that she found nothing in his medical record that required his placement in lower-level housing and that she had removed the restrictions. As a result, plaintiff was housed in upper-level housing which required him to use stairs on a regular basis.

At some later point, plaintiff complained of shortness of breath and chest pain. In April 2015, he was evaluated at an outside hospital. That evaluation determined that plaintiff had a heart condition that resulted in shortness of breath, faintness, and other symptoms upon overexertion. Plaintiff remained in the upper-level housing assignment until he was transferred to another institution.

Plaintiff seeks damages.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon

which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal

claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

**Discussion**

The Court has examined the complaint, and, for the reasons that follow, will direct plaintiff to show cause why this matter should not be summarily dismissed.

First, a *Bivens* claim may be brought only against federal officials in their individual capacities and may not be brought directly against the United States. *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001). Therefore, neither the United States nor the Bureau of Prisons, a federal agency, is a proper party in this *Bivens* action.

Next, the complaint presents no specific allegations against defendants Inch, Conners, and (LNU) Regional Director. If, as it appears, plaintiff proceeds against these defendants on a theory of vicarious liability, he fails to state a claim for relief. *See Iqbal*, 556 U.S. at 675 ("Because vicarious liability is inapplicable to *Bivens* and Section 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution."). At this point, plaintiff's claims against defendants Inch, Conners, and the Regional Director

are insufficient to state a claim for relief, and these defendants are subject to dismissal.

Third, the complaint's allegations against defendant Maye, then the Warden of the USPL, state only that he referred plaintiff to a member of the medical staff to address his claim that his placement was inappropriate based upon his physical condition. This allegation is insufficient to state a legal claim for relief.

Plaintiff alleges that the actions of defendants Krock, Mitt, and Baker violated his rights under the Eighth Amendment.[2] This arises from his assignment to an upper-level cell that allegedly was unsuitable for plaintiff due to his medical condition. "[A] prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Gray v. Sorrels*, 744 F. App'x 563, 568 (10th Cir. 2018)(quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)(quotations omitted)).

The "deliberate indifference" standard has both an objective and a subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005)(citation omitted). To meet the objective part of this standard, the deprivation must be "sufficiently serious", and the inmate plaintiff must show the existence of a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

---

[2] The complaint also alleges that these defendants violated plaintiff's Fourteenth Amendment rights. The Fourteenth Amendment, however, does not apply to the federal government. *See, e.g., Belhomme v. Windnall*, 127 F.3d 1214, 1217 n. 4 (10th Cir. 1997). The Court therefore analyzes his claims under the Eighth Amendment.

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id*. (quoting *Sealock*, 218 F.3d at 1209). In evaluating a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

A mere difference of opinion between the prisoner and prison medical personnel regarding a diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106-07. The "'negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation.'" *Self v. Crum*, 439 F.3d 1227, 1223 (10th Cir. 2006)(quoting *Perkins v. Kan. Dep't of Corr*., 165 F.3d 803, 811 (10th Cir. 1999)).

In this case, plaintiff's needs were evaluated by defendant Krock, an assistant health administrator, prior to his transfer to the upper-level housing area. The decision that he did not require restrictions and could be housed in that area is one of medical judgment, and plaintiff has provided only bare claims that do not present a sufficient basis to challenge that decision. Likewise, because the transfer decision entered by defendants Mitts and Baker was based upon the medical assessment made by defendant Krock, their action was a reasonable choice made within the exercise of their discretion. Finally, the fact that plaintiff's medical needs were evaluated at a hospital and he was transferred to another facility does not support a claim of deliberate indifference.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **January**

**21, 2020,** plaintiff shall show cause why this matter should not be dismissed for failure to state a claim for relief. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED: This 20th day of December, 2019, at Topeka, Kansas.

                                  S/ Sam A. Crow
                                  SAM A. CROW
                                  U.S. Senior District Judge